Daren R. Brinkman, President
**BRINKMAN PORTILLO RONK, APC**
4333 Park Terrace Drive, Ste. 205
Westlake Village, CA 91361
Tel: 818.597.2992 | Fax: 818.597.2998
AZ@brinkmanlaw.com

*In Pro Per*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| In Re:<br>GILBERT HOSPITAL, LLC,<br>Debtor. | Chapter 11<br><br>Case No.: 2:14-bk-01451-MCW<br><br>B.A.P. No.: 18-1268<br><br>**APPELLANT'S STATEMENT OF ISSUES ON APPEAL** |

Brinkman Portillo Ronk, APC ("Appellant") hereby submit this Statement of Issues on Appeal pursuant to Federal Rule of Bankruptcy Procedure 8009. Appellant presents the following issues on appeal:

**Creditor Trust Agreement Provisions re Dispute over Professional Fees**

1. Did the Gilbert Hospital("GH") Bankruptcy Court abuse its discretion when it issued a sanctions order as part of its improper attempt to exercise subject matter jurisdiction over the Creditor Trust/Trustee's Professional when the Creditor Trust only gives the GH Bankruptcy Court jurisdiction if the Professional specifically asks the GH Bankruptcy Court to resolve a dispute related to the Professional's compensation?

2. Did the GH Bankruptcy Court abuse its discretion in issuing a sanctions order as part of its improper attempt to exercise subject matter jurisdiction over Creditor Trust/Trustee Professional fees when the Creditor Trust specifically limits the time period for an objection to seven calendar days from service of such billing statements upon the Creditor Trust Board?

3. Did the GH Bankruptcy Court abuse its discretion in issuing a sanctions order as part of its improper attempt to exercise subject matter jurisdiction over the Creditor Trust/Trustee's Professional fees when the only parties with standing to object to the Professional's fees are limited by the Creditor Trust Agreement to the Creditor Trustee and the Creditor Trust Board members?

4. Did the GH Bankruptcy Court abuse its discretion when it issued a sanctions order as part of its improper attempt to assert subject matter jurisdiction over the Creditor Trust/Trustee's Professional's billing invoices?

**Sanctions Order**

5. Did the GH Bankruptcy Court abuse its discretion when it issued a sanctions order against BPR under FRBP Section 9011?

6. Did the GH Bankruptcy Court abuse its discretion when it issued a sanctions order against BPR under FRBP Section 105?

7. Did the GH Bankruptcy Court abuse its discretion when it issued a sanctions order against BPR under its "inherent powers"?

8. Did the GH Bankruptcy Court abuse its discretion when it issued a sanctions order against BPR?

9. Did the GH Bankruptcy Court abuse its discretion when it issued a sanctions order payable to the Creditor Trust, creditor Law Offices of Michael Carmel, Ltd and creditor Southwest Medical Services

10. Did the GH Bankruptcy Court abuse its discretion when it issued a sanctions order in the amount of $40,000 against BPR?

11. Did the GH Bankruptcy Court abuse its discretion when it issued a sanctions order against BPR for not filing with the Court its bills submitted to the Creditor Trust/Trustee?

**Improper Courtroom**

12. Did the GH Bankruptcy Court abuse its discretion in issuing a sanctions order in its improper attempt to exercise subjection matter jurisdiction over the "implementation or

STATEMENT OF ISSUES ON APPEAL

interpretation of the Amended Joint Plan, the Confirmation Order or this Stipulated Order" in violation of the Stipulated Confirmation Order which specifically granted exclusive jurisdiction of such matters to the FHA Court?

13. Did the GH Bankruptcy Court abuse its discretion when it sua sponte issued an accounting order requiring the Creditor Trustee to file its Professional's billing invoices?

14. Did the GH Bankruptcy Court abuse its discretion when it issued an OSC why BPR should not be sanctioned for following the GH Bankruptcy Court's August 16, 2018 order (the "Accounting Order") that compelled the Creditor Trustee to act and BPR was not named in Accounting Order?

**Order Stayed and Personal Animosity**

15. Did the GH Bankruptcy Court abuse its discretion when it issued conflicting orders on August 16, 2018 and then sanctioned BPR for not complying with the conflicting orders?

16. Did the GH Bankruptcy Court abuse its discretion when it sanctioned BPR for not complying with an order that was stayed by the GH Court's September 7, 2018 order?

17. Did the GH Bankruptcy Court abuse its discretion when it found that BPR had not complied with its August 16, 2018 order?

18. Did the GH Bankruptcy Court abuse its discretion when it found that BPR had not complied with its August 16, 2018 order when it had specifically provided BPR with the opportunity to "purge the contempt" by filing BPR's invoices and BPR followed the GH Court's directions for purging the contempt?

19. Did the GH Bankruptcy Court abuse its discretion when it acted as an advocate for creditors Carmel and SWMS?

20. Did the Bankruptcy Court abuse its discretion when it issued sanctions against BPR as punishment for questioning the GH Court's post-confirmation jurisdiction over the Creditor Trust/Trustee's professional fees?

21. Did the Bankruptcy Court abuse its discretion when it sanctioned BPR out of personal animosity, yet the GH Court did not sanction the Reorganized Gilbert Debtor nor its

3

STATEMENT OF ISSUES ON APPEAL

counsel Gerald Shelley when they stole approximately $250,000 belonging to claimant Nat Palaniappan?

22. Did the Bankruptcy Court abuse its discretion when it sanctioned BPR out of personal animosity, yet the GH Court did not sanction the GH Reorganized Debtor or its counsel when Debtor misappropriated money held in Trust for creditors pending resolution of Buckeye dispute?

DATED:   October 11, 2018

Respectfully Submitted,

**BRINKMAN PORTILLO RONK, APC**

By:    /s/ Daren R. Brinkman
         Daren R. Brinkman, President
         *In pro per*

This is to certify that the foregoing was e-filed on October 11, 2018 in the United States Bankruptcy Court,

…and copies served the same day via ECF Notice and electronic mail as follows:

- **ELIZABETH C. AMOROSI**    Elizabeth.C.Amorosi@usdoj.gov
- **CARLOS M. ARBOLEDA**    arboledac@abfirm.com, achavez@abfirm.com,Misty@abfirm.com
- **WALTER J. ASHBROOK**    , sybil.aytch@quarles.com
- **THOMAS C. AXELSEN**    afigueroa@shermanhoward.com,TAXELSEN@COX.NET,efiling@sah.com
- **MICHAEL R AYERS**    azcourtorders@hinshawlaw.com
- **EDWARD K. BERNATAVICIUS**    edward.k.bernatavicius@usdoj.gov
- **FAY W. BIDLACK**    fbidlack@jsslaw.com, lbourland@jsslaw.com,dsharp@jsslaw.com
- **BRIAN BLUM**    brian@andantelaw.com, teresie@andantelaw.com
- **BRUCE J. BORRUS**    bborrus@foxrothschild.com
- **Daren R. Brinkman**    daren@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com,az@brinkmanlaw.com
- **MICHAEL W. CARMEL**    michael@mcarmellaw.com, sharon@mcarmellaw.com
- **SCOTT B. COHEN**    SBC@ENGELMANBERGER.COM, mkk@eblawyers.com
- **JOSEPH E. COTTERMAN**    joe.cotterman@gknet.com, gjk@gknet.com
- **Grant L. Cartwright**    gcartwright@maypotenza.com, AHarnisch@maypotenza.com,eluna@maypotenza.com

4
STATEMENT OF ISSUES ON APPEAL

| | |
|---|---|
| 1 | • **DEAN M. DINNER**   dean.dinner@sackstierney.com, samanta.rivera@sackstierney.com,Sandra.dousdebes@sackstierney.com,Heidi.scheving-nelson@sackstierney.com |
| 2 | • **KEVIN M. DUDDLESTEN**   kduddlesten@mcguirewoods.com, pmartin@mcguirewoods.com |
| 3 | • **WILLIAM W. FIFE**   william@williamfifelaw.com |
| | • **ROGER R. FOOTE**   rfoote@jacksonwhitelaw.com, sswartz@jacksonwhitelaw.com |
| 4 | • **ALEXANDER J GANCAYCO**   alexander.gancayco@nlrb.gov |
| | • **DANIEL E. GARRISON**   dan@andantelaw.com, teresie@andantelaw.com |
| 5 | • **ANDREW A. HARNISCH**   aharnisch@maypotenza.com, eluna@maypotenza.com |
| | • **ROBERT P. HARRIS**   robert.harris@quarles.com, sybil.aytch@quarles.com |
| 6 | • **KEITH L. HENDRICKS**   khendricks@law-msh.com, dnavarro@law-msh.com,docket@law-msh.com |
| 7 | • **KYLE S. HIRSCH**   kyle.hirsch@bclplaw.com, laremus@bclplaw.com,carussell@bclplaw.com,kara.schrader@bclplaw.com |
| 8 | • **LAWRENCE D. HIRSCH**   lhirsch@psazlaw.com, ceckert@psazlaw.com |
| | • **PATRICK B HOWELL**   , tmichalak@whdlaw.com,dprim@whdlaw.com |
| 9 | • **Brian D. Huben**   hubenb@ballardspahr.com |
| 10 | • **JONATHAN P. IBSEN**   jibsen@clgaz.com, nfitzpatrick@clgaz.com |
| | • **STEVEN D. JEROME**   sjerome@swlaw.com, docket@swlaw.com,mminnick@swlaw.com |
| 11 | • **CODY J. JESS**   bkdocket@biz.law |
| | • **CAROLYN J. JOHNSEN**   cjjohnsen@dickinsonwright.com, ksanchez@dickinsonwright.com,jhawkins@dickinsonwright.com,psabori@dickinsonwright.com |
| 12 | • **ROB A JUSTMAN**   rjustman@meagher.com, vhenderson@meagher.com |
| 13 | • **ROBERT M. KORT**   rkort@lrrc.com, awhite@lrrc.com |
| 14 | • **LOUIS DANIEL LOPEZ**   llopez@law-msh.com, docket@law-msh.com,dnavarro@law-msh.com |
| 15 | • **RYAN J. LORENZ**   rlorenz@clarkhill.com, sordonez@clarkhill.com |
| | • **WESLEY S. LOY**   wsl@bowwlaw.com, mjk@bowwlaw.com |
| 16 | • **HEATHER ANN MACRE**   ham@aikenschenk.com, slr@aikenschenk.com,baq@aikenschenk.com |
| 17 | • **NANCY J MARCH**   nmarch@fclaw.com, mokoko@fclaw.com |
| 18 | • **PERNELL W. MCGUIRE**   pmcguire@davismiles.com, jstoner@davismiles.com,athomas@davismiles.com,klienhard@davismiles.com,klucas@davismiles.com,efile.dockets@davismiles.com,jmarquez@davismiles.com |
| 19 | • **ADAM D. MELTON**   amelton@tep.com, egalbraith@tep.com |
| 20 | • **KLAUS PETER MUTHIG**   muthigk@mcao.maricopa.gov, geiserr@mcao.maricopa.gov |
| | • **LAWRENCE E. PALLES**   lpalles@law-msh.com, docket@law-msh.com,ghadley@law-msh.com |
| 21 | • **JILL H PERRELLA**   jperrella@swlaw.com, hblanco-serlin@swlaw.com,docket_tux@swlaw.com |
| 22 | |
| | • **LISA PETERS**   lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com |
| 23 | • **LAURA J PORTILLO**   laura@brinkmanlaw.com |
| | • **DONALD W. POWELL**   d.powell@cplawfirm.com |
| 24 | • **WESLEY DENTON RAY**   Ray@SacksTierney.com, Sandra.Dousdebes@sackstierney.com,Bankruptcy@SacksTierney.com |
| 25 | • **PHILIP R. RUDD**   Rudd@SacksTierney.com, Bankruptcy@SacksTierney.com |
| 26 | • **THOMAS J. SALERNO**   thomas.salerno@stinson.com, lindsay.petrowski@stinson.com,karen.graves@stinson.com |
| 27 | • **KATHERINE ANDERSON SANCHEZ**   ksanchez@dickinsonwright.com, jhawkins@dickinsonwright.com,andersonkr70692@notify.bestcase.com |
| 28 | • **DALE C. SCHIAN**   bkdocket@biz.law |

5

STATEMENT OF ISSUES ON APPEAL

1    • **GERALD L. SHELLEY**    gshelley@fclaw.com, gkbacon@fclaw.com
     • **JOSEPH E. SHICKICH**    jshickich@foxrothschild.com, kseabright@foxrothschild.com
2    • **CHRISTOPHER C. SIMPSON**    christopher.simpson@stinson.com,
       Lindsay.petrowski@stinson.com,karen.graves@stinson.com
3    • **MARK D. SVEJDA**    mark@azrealestatelawyers.com
     • **BRADLEY D. WEECH**    efile.dockets@davismiles.com
4    • **DAVID IRA WEISSMAN**    dweissman@clarkhill.com, dlukas@clarkhill.com
     • **KURT M. ZITZER**    kzitzer@meagher.com, vhenderson@meagher.com
5
6    /s/ Heidi Pinkston
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATEMENT OF ISSUES ON APPEAL
Case 2:14-bk-01451-MCW    Doc 2074    Filed 10/11/18    Entered 10/11/18 19:53:08    Desc
Main Document    Page 6 of 6