# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## Minute Entry

### Hearing Information:

|  |  |
|---|---|
| **Debtor:** | GILBERT HOSPITAL, LLC |
| **Case Number:** | 2:14-BK-01451-MCW    **Chapter:** 11 |
| **Date / Time / Room:** | MONDAY, NOVEMBER 05, 2018 01:30 PM   7TH FLOOR #702 |
| **Bankruptcy Judge:** | MADELEINE C. WANSLEE |
| **Courtroom Clerk:** | CHRISTINA JOHNSON |
| **Reporter / ECR:** | MICHELLE RADICKE-STEVENSON |

### Matters:

1) ADV: 2-16-00285
   DAVID GOTTLIEB vs TIMOTHY A JOHNS, M.D. LLC & DOES 1-10 & TIMOTHY A. JOHNS
   CONTINUED STATUS HEARING IN ADVERSARY PROCEEDING
   **R / M #:** 17 / 0

2) ADV: 2-17-00010
   DAVID GOTTLIEB vs 31M MANAGEMENT SERVICES, LLC & GILBERT EMERGENCY MEDICINE SPECIALISTS, & JOHNS A. TIMOTHY & TIMOTHY A. JOHNS, M.D., LLC & TIM JOHNS, M.D., P.C. & GILBERT GATEWAY SURGERY CENTER, LLC & WINDSTAR HOUSEBOAT, LLC & DOES 1-10
   STATUS HEARING IN AN ADVERSARY
   **R / M #:** 67 / 0

3) ADV: 2-17-00011
   DAVID GOTTLIEB vs DAVID S. WANGER
   STATUS HEARING IN AN ADVERSARY
   **R / M #:** 65 / 0

4) ADV: 2-17-00013
   DAVID GOTTLIEB vs TIMOTHY A. JOHNS & DAVID S. WANGER & AHWATUKEE REGIONAL MEDICAL CENTER, LLC & BHD PROPERTY, LLC & D2D CONSULTING, LLC & FHAD PROPERTY, LLC & FOOTHILLS REGIONAL MEDICAL CENTERS, LLC & PEORIA REGIONAL MEDICAL CENTER, LLC & GHD PROPERTY, LLC & PHD PROPERTY, LLC & PRMC DEVELOPMENT, LLC & VISIONARY HEALTH, LLC
   STATUS HEARING IN AN ADVERSARY
   **R / M #:** 83 / 0

5) CONTINUED STATUS HEARING ON GILBERT HOSPITAL USC TRUST'S FIFTH OMNIBUS OBJECTION TO CLAIMS
   **R / M #:** 1,944 / 0

6) CONTINUED HEARING ON UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
   **R / M #:** 1,941 / 0

7) CONTINUED HEARING ON POTENTIAL ORDER OF CONVERSION TO CHAPTER 7 (as discussed and set in open court on 8/1/18)
   **R / M #:** 0 / 0

### Appearances:

Page 1 of 4

Case 2:14-bk-01451-MCW    Doc 2092    Filed 11/05/18    Entered 11/06/18 15:46:53    Desc
Main Document    Page 1 of 4                                                11/06/2018    3:46:27PM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...  2:14-BK-01451-MCW        MONDAY, NOVEMBER 05, 2018 01:30 PM

EDWARD K. BERNATAVICIUS, ATTORNEY FOR U.S. TRUSTEE
STEVEN D. JEROME, ATTORNEY FOR SOUTHWEST MEDICAL SERVICES, INC.
MICHAEL W. CARMEL, ATTORNEY FOR MICHAEL W. CARMEL, LTD.
CHRISTOPHER SIMPSON, ATTORNEY FOR GILBERT HOSPITAL TRUST
KEITH L. HENDRICKS, ATTORNEY FOR TIMOTHY JOHNS
DAVID NELSON, ATTORNEY FOR CARDINAL HEALTH 411, INC.
LOUIS LOPEZ, ATTORNEY FOR DAVID S. WANGER

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...   2:14-BK-01451-MCW          MONDAY, NOVEMBER 05, 2018 01:30 PM

## *Proceedings:*

The court noted it recently reviewed the status report filed by the Trust and the proposed dismissal order lodged by the U.S. Trustee.

Mr. Simpson provided a status of the case and discussed Mr. Kravitz's efforts to obtaining information to resolve issues. He briefly reviewed the status report. He advised adversary proceeding 18-ap-307 will remain pending at this time. Mr. Simpson answered the court's questions regarding the proposed dismissal order that addresses this court's jurisdiction.

#1

Mr. Simpson advised this adversary proceeding remains pending.

Mr. Hendricks discussed the status of the case noting the argument is over proceeds being held in escrow, and he believes the matter is now moot. He advised there is no pending motion in this case.

Mr. Simpson replied and suggested that the parties confer to see if a global settlement can be reached.

COURT: IT IS ORDERED CONTINUING THIS HEARING TO DECEMBER 18, 2018 AT 2:00 PM. MR. SIMPSON SHALL REVIEW THE CASE AND DETERMINE IF THE CASE IS MOOT AND IF THE CASE SHOULD BE DISMISSED.

#2 through #4

Mr. Simpson advised these adversary proceedings remain pending.

Mr. Hendricks advised the court took the adversary proceedings under advisement. He provided a brief history of the cases. Mr. Hendricks urged the court to rule on the pending motions as there is nothing further to brief. He confirmed he is requesting the court to dismiss the three adversary proceedings today, and he reserved all arguments, including the arguments relating to the alleged creation of the trust.

Mr. Lopez stated his position and discussed his client's concerns regarding the claims. He agreed the court should set a date by which to resolve the issue, or the court can rule.

Mr. Simpson replied and suggested that the parties confer to see if a global settlement can be reached.

COURT: IT IS ORDERED CONTINUING THESE HEARINGS TO DECEMBER 18, 2018 AT 2:00 PM. THE COURT WILL REVIEW THE DOCKET AND MAY TAKE SUBSTANTIVE ACTION AT THE NEXT HEARING.

#5

Mr. Simpson stated his position.

Mr. Nelson stated his position discussing his client's frustrations, and advised November 15th is the deadline for

the issue to be resolved. He urged the court to deny the objection at this time.

The court is inclined to allow the trustee more time to gather information.

Mr. Nelson requested any continued hearing date be deemed as the final deadline for the production of documents.

Mr. Simpson responded noting he will work to resolve this particular objection.

The court stated its analysis. The court is not inclined to set a final deadline at this time. The court will continue the hearing to allow the parties time to prepare a plan for how to move forward.

COURT: IT IS ORDERED CONTINUING THIS HEARING TO DECEMBER 18, 2018 AT 2:00 PM. THE PARTIES SHOULD COME TO AN AGREEMENT AS TO WHETHER THE COURT CAN RULE WITHOUT AN EVIDENTIARY HEARING, OR WHETHER AN EVIDENTIARY HEARING IS NECESSARY. THE PARTIES SHALL FILE A STATUS REPORT FIVE DAYS PRIOR TO THAT CONTINUED HEARING. IF THE COURT AGREES THE MATTER CAN BE HANDLED WITHOUT AN EVIDENTIARY HEARING, THEN THE COURT WILL BE PREPARED TO GIVE ITS RULING AT THE CONTINUED HEARING. THE PARTIES SHOULD COME PREPARED TO SET AN EVIDENTIARY HEARING IF NECESSARY.

#6 and #7

The court has reviewed the proposed dismissal order lodged by the U.S. Trustee, and stated its concern as to proper notice to all creditors.

Mr. Jerome clarified the stipulated order is a resolution of the motion already noticed and served by the U.S. Trustee's Office. He is not sure if additional notice is necessary.

Mr. Bernatavicius stated his position and advised the motion to dismiss was served on all parties and this stipulation is a resolution of that motion and therefore, just needs to be served as an entered order.

Mr. Jerome is hopeful that the new trustee and counsel will preserve claims given the history of record retention. He discussed claimants that have defaulted.

COURT: THE COURT DOES FIND THAT CAUSE DOES EXIST TO DISMISS OR CONVERT THIS BANKRUPTCY CASE. THE PARTIES HAVE ENTERED INTO A STIPULATED ORDER DISMISSING THIS CASE RATHER THAN CONVERTING IT. THE COURT DOES APPROVE PARAGRAPH FOUR OF THE PROPOSED ORDER CONCERNING THE CREDITOR TRUST AND ITS ADMINISTRATION. IT IS ORDERED GRANTING THE MOTION TO DISMISS. THE COURT WILL ENTER THE STIPULATED ORDER THAT HAS BEEN LODGED IN THIS CASE. FURTHER NOTICE OF THE STIPULATION IS NOT REQUIRED. NOTICE OF THE DISMISSAL ORDER IS REQUIRED AS IS REQUIRED BY THE RULES.